IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE**, | Case No. 3:21-cv-680-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **NANCY COZINE, in her official capacity as Oregon State Court Administrator**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on February 14, 2022. Judge You recommended that this Court deny Defendant's motion for summary judgment.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection, to which Plaintiff responded. Defendant objects to Judge You's conclusion that that the First Amendment qualified right of access to newly filed nonconfidential civil complaints attaches at the time of submission. Defendant argues that because only a paper filing system was at issue in *Courthouse News Service v. Planet*, 947 F.3d 581 (9th Cir. 2020), the Ninth Circuit in that case did not decide when the right of access attaches to electronically filed complaints. Defendant argues that the right of access attaches to electronically filed complaints when they are accepted by the clerk, not when they are submitted.

The Ninth Circuit in *Planet*, however, clearly held that the right of access applies when a complaint is filed. *See id.* at 585 ("[W]e conclude that the press has a qualified right of timely access to newly filed civil nonconfidential complaints that attaches when the complaint is filed."). Further, the Ninth Circuit affirmed the district court's conclusion that filing occurs when the court receives the document. *See id.* at 588 ("The district court further held that the right to

PAGE 2 – ORDER

timely access attaches at the moment of filing, i.e., when the complaint is received by the court."); *id.* at 591 ("CNS urges us to affirm the district court's conclusion that the First Amendment creates a right of access that arises upon the court's receipt of the complaint."); *id.* at 594 ("[W]e conclude, as did the district court, that the qualified right of access to nonconfidential civil complaints arises when they are filed with the court . . . .").

Additionally, the facts at issue in *Planet* confirm that the right of access attaches when the court receives the document. The Ninth Circuit in *Planet* applied the *Press-Enterprise II* test to Ventura County's seven-step acceptance process and quality control review. *See id.* at 586. The seven-step process included determining whether the filer had paid the correct fees, determining whether the filer had filed in the correct court, stamping the complaints as "filed," and placing the complaints in a physical case file. *See id.* at 586. These procedures mirror Oregon's after-submission review. *See* Cozine Decl. (ECF 14), ¶ 6. The Ninth Circuit also applied the *Press-Enterprise II* test to Ventura County's scanning policy, which required court staff to make scanned copies of newly filed complaints available to the public before any review and processing. *Planet*, 947 F.3d at 587. With respect to the scanning policy, the Ninth Circuit held that any delay between when the complaint was filed and when it was made available to the public via scanning was justified because Ventura County had not rejected any reasonable alternatives. *Id.* at 599. Under Defendant's theory, however, the scanning policy would create no "delay" because the documents were scanned and made available to the public before the court had completed its review and processing.

Thus, as *Planet* makes clear, the right of access to civil complaints attaches when they are submitted to the court. *See Courthouse News Serv. v. N.M. Admin. Off. of the Cts.*, --- F. Supp. 3d ---, 2021 WL 4710644, at *39 (D.N.M. 2021) ("The qualified right 'attaches when the

PAGE 3 – ORDER

complaint is filed' in a traditional sense -- when it is in the court's possession . . . ." (quoting *Planet*, 947 F.3d at 585)). Oregon's electronic filing system draws no meaningful distinction from the paper filing system in *Planet* with respect to the question of when the qualified right of access attaches. The electronic filing system is, however, relevant to the fact-intensive *Press-Enterprises II* test, which Defendant does not address in its motion for summary judgment.

Further, the "experience and logic" test does not assist Defendant's position. As explained above, Defendant argues that the Ninth Circuit in *Planet* held that the right of access applies to civil complaints but did not explicitly decide when that right attaches. *But see Planet*, 947 F.3d at 585 ("[W]e conclude that the press has a qualified right of timely access to newly filed civil nonconfidential complaints that attaches when the complaint is filed."). Citing *Planet*, Defendant asserts that to determine when the right attaches, the court must consider whether the record had historically been available to the public and whether public access improves the governmental process in question. *See* ECF 13, at 7. That "experience and logic" test in *Planet*, however, determines not when the right of access attaches but whether the right attaches "to a type of judicial proceeding or record." *See Planet*, 947 F.3d at 590. That test is not relevant here because the Ninth Circuit in *Planet* held that the right attaches to newly filed civil complaints, and the Court is bound by that precedent.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 27. The Court DENIES Defendant's motion for summary judgment, ECF 13.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER