Eric D. Lansverk (OSB 144700)
eric.lansverk@hcmp.com
HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Ave., Suite 4600
Seattle, WA 98104
Telephone:   (206) 623-1n745
Facsimile:     (206) 623-7789

Katherine A. Keating (admitted *Pro Hac Vice*)
katherine.keating@bclplaw.com
Jonathan G. Fetterly (admitted *Pro Hac Vice*)
jon.fetterly@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Attorneys for Plaintiff
COURTHOUSE NEWS SERVICE

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE**,<br><br>                              Plaintiff,<br><br>        v.<br><br>**NANCY COZINE**, in her official capacity as Oregon State Court Administrator,<br><br>                              Defendant. | Case No. 3:21-cv-00680-YY<br><br>**PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO BRIEF OF AMICUS CURIAE BY OREGON STATE BAR** |

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  1

**H**ILLIS **C**LARK **M**ARTIN & **P**ETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington   98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## INTRODUCTION

Courthouse News Service ("Courthouse News") will address the contentions raised by the Oregon State Bar's ("OSB") Amicus Brief in relation to the issues in the motion for summary judgement pending before this Court.

## ANALYSIS

In its Amicus Brief, the OSB urges the Court to consider "the protection of confidential information and avoidance of inadvertent disclosure of confidential information" and "supporting ethical lawyering by OSB members and avoiding potential malpractice due to the inadvertent disclosure of confidential information." Amicus Brief at 5-6. These issues have already been thoroughly analyzed by the parties. *See, e.g.,* Courthouse News' Motion for Summary Judgment (ECF 38) ("CNS MSJ") at 22-29; Defendant's Response (ECF 57) ("MSJ Resp.") at 6-10; Courthouse News' Reply (ECF 73) ("MSJ Reply") at 11-20.

In establishing that protecting confidential information is important to the OSB, the Amicus Brief adds nothing new to the debate. The question is not whether avoiding inadvertent disclosure of confidential information is important. The question is, first, whether Defendant has "demonstrated a 'substantial probability' that" the government's interest in protecting confidential information "would be impaired by immediate access," and, second, whether Defendant has demonstrated that "no reasonable alternatives exist to 'adequately protect'" that interest. *Courthouse News Serv. v. Planet*, 947 F.3d 581, 596 (9th Cir. 2020) ("*Planet III*") (quoting *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 14 (1986) ("*Press-Enterprise II*"). Through its briefing and evidence in support of its motion for summary judgment, Courthouse

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO
BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  1

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

News has established that Defendant has failed to carry her burden.  Nothing in the Amicus Brief changes that analysis.

The Amicus Brief chiefly consists of characterizations of a 2010 report from an OSB/Oregon Judicial Department ("OJD") task force that pre-dated Oregon's implementation of e-filing.  See Amicus Brief & Exhibit 2 (ECF 80-1, -3).[1]  Importantly, this report was a joint product of OSB *and OJD*.  Id.  It was thus equally available to OSB and OJD, and if it contained information pertinent to this Court's Summary Judgement analysis, Defendant would have introduced it along with her other evidence in opposition to the Motion for Summary Judgement.  Instead, Defendant ignored it.

Perhaps because twelve-year-old speculation about how e-filing might impact the Oregon bar is not probative of how modern-day e-filing actually does impact the Oregon bar in 2023 and beyond.  By way of example, the Amicus Brief refers to a view by "the Computer Law Section" that "a delay between when a document is filed with the court and when the material is available online" would be "unavoidable given the logistics of requiring attorneys to redact documents, and the anticipated disagreements between parties over what information should be the subject of redaction."  Amicus Brief at 7 (quoting Exh. 1 at 13).  This view was based on the idea that opposing counsel would be given an opportunity "to review the filing" prior to public access " to protect their clients' personal information."  Amicus Brief, Exh. 1 at 12.  That is *not* how Oregon's e-filing system works.  New civil complaints become available after clerks complete "administrative processing," without regard for opposing counsel's review of the filing.

---

[1] The Amicus Brief also attaches a 2018 report from the task force (ECF 80-4) but cites only to a passage that summarizes a portion of the 2010 report.  Amicus Brief at 8.

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  2

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington   98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*See* CNS MSJ at 8-10.  Indeed, there is no evidence that a new complaint becomes available to opposing counsel prior to the completion of processing.

The Amicus Brief argues that clerk review "replicates the safe harbor that the filing window of the clerk's office represented in conventional filing," Amicus Brief at 10, and intuitive view discussed in the parties' briefing.  But the record shows that over the course of three years, clerk review resulted in confidential handling for, at most, ***26*** out of 144,244 filings (***less than 0.018%***) in relevant categories.  CNS MSJ at 25-26; Declaration of Katherine Keating ("Keating Decl."), ¶¶ 17, 21-26, 33-35 & Exhs. 4,-7, 9-11 (ECF 44, 44-4, 44-5, 44-6, 44-7, 44-9, 44-10, 44-11).  In reality, clerk review is not acting as a safe harbor for the cases at issue in the Courthouse News action.

This is another critical disconnect between the Amicus Brief and pending Summary Judgment motion: the Amicus Brief and task force report focus on categories of cases – *i.e.*, "juvenile, domestic relations, and probate cases," Amicus Brief at 7 (quoting Exh. 1 at 7) – not at issue in Courthouse News' action.  *See also* Amicus Brief at 8, 9; Exh. 1 at 1 ("[M]embers of bar groups that focus on a specific area of law (e.g., Estate Planning, Family Law, etc.) seem to frequently favor restricting access to information in court filed documents.").  Filings in juvenile, domestic relations, and probate cases are more likely to be confidential as a matter of law or to contain information that warrants confidential handling.  That is not true of civil complaints, which in the overwhelming majority of cases must be publicly available unless accompanied by a motion to seal (in which case they must be filed in paper and are not implicated in the Courthouse News action).  *See* CNS MSJ at 23-24; CNS Reply 13-17.

The Amicus Brief also suggests that withholding for processing "supports the avoidance

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO
BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  3

**H**ILLIS **C**LARK **M**ARTIN & **P**ETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

of lawyer malpractice," Amicus Brief at 12-13, but this is premised almost entirely on confidentiality concerns, and is negated by the Amicus Brief's misapprehension of the relevant universe of filings and record evidence demonstrating that withholding civil complaints for clerk review does not protect confidentiality interests in any meaningful way.

Beyond summarizing a prior task force's speculation as to confidentiality concerns in cases not at issue in Courthouse News' lawsuit, the Amicus Brief makes generalized and unsupported assertions that do not assist the Court with the "fact-intensive" inquiry *Press-Enterprise II* requires. *Courthouse News Serv. v. Cozine*, 2022 WL 1000775, at *2 (D. Or. Apr. 4, 2022). For example, the Amicus Brief asserts that withholding access for processing "substantially improves the quality of legal services within Oregon" but offers no specific explanation, let alone evidentiary support for the proposition. Amicus Brief at 10. A more specific assertion that withholding for processing "protects the judicial system from quickly correctable but potentially burdensome errors" is also unsupported with explanation or evidence. *Id*. In reality, the overwhelming majority of civil complaints at issue in this lawsuit are returned for correction for minor clerical issues (*e.g.*, entering party names entirely in capital letters). *See* CNS MSJ at 9-10; Keating Decl., ¶ 13 & Exh. 2 (ECF 44 and 44-2).

Finally, OSB's reliance on *In re Conroy,* 368 Or. 349, 354 (2021) is misplaced. *Conroy* is a case focused on an attorney's deliberate responses to client reviews on sites like Yelp! The analysis required by *Planet III* is about protecting access to civil complaints, not protecting attorneys from themselves due to unwise postings on social media.

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  4

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CONCLUSION**

Courthouse News respectfully submits that the OSB's Amicus Brief cannot assist Defendant in meeting her burden under the *Press-Enterprise II* test and requests that the Court grant Courthouse News' motion for summary judgment.

Dated: January 25, 2023

HILLIS CLARK MARTIN & PETERSON P.S.

By    *s/ Eric D. Lansverk*
Eric D. Lansverk, OSB #144700
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
eric.lansverk@hcmp.com

BRYAN CAVE LEIGHTON PAISNER LLP

By    *s/ Katherine Keating*
Katherine Keating (admitted pro hac vice)
3 Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: 415-675-3400
Facsimile: 415-675-3434
katherine.keating@bclplaw.com

Attorneys for Plaintiff
COURTHOUSE NEWS SERVICE

PLAINTIFF COURTHOUSE NEWS SERVICE'S RESPONSE TO BRIEF OF AMICUS CURIAE BY OREGON STATE BAR  5

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Telephone: (206) 623-1745
Facsimile: (206) 623-7789