IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE**, | Case No. 3:21-cv-680-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **NANCY COZINE**, in her official capacity as Oregon State Court Administrator, | |
| Defendant. | |

Eric D. Lansvark, Hillis Clark, Martin & Peterson PS, 999 Third Avenue, Suite 4600, Seattle, WA 98104; Katherine A. Keating and Jonathan G. Fetterly, Bryan Cave Leighton Paisner LLP, 3 Embarcadero Center, Seventh Floor, San Francisco, CA 94111. Of Attorneys for Plaintiff.

Carla A. Scott and Christina L. Beatty-Walters, Senior Assistant Attorneys General, Oregon Department of Justice, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendant.

Keith S. Dubanevich and Elizabeth K. Bailey, Stoll Stoll Berne Lokting & Shlachter PC, 209 SW Oak Street, Suite 500, Portland, OR 97204. Of Attorneys for *Amicus Curiae* Conference of Chief Justices.

Ankur Doshi and Nik Chourey, Oregon State Bar, 16037 SW Upper Boones Ferry Road, P.O. Box 231935, Tigard, OR 97281. Of Attorneys for *Amicus Curiae* Oregon State Bar.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) in this case on March 14, 2023. Judge You recommended that the Court deny Plaintiff's motion for summary judgment because Plaintiff failed to show that it is entitled to judgment as a matter of law on its First Amendment claim. Plaintiff timely objected to Judge You's F&R, to which Defendant responded. Plaintiff urges the Court to reject the F&R and grant summary judgment in its favor. The Court has conducted a *de novo* review and held oral argument on September 12, 2023. For the reasons stated below, the Court concludes that factual disputes preclude summary judgment on Plaintiff's claim under the First Amendment.

**A. Legal Standards**

    **1. Review of Findings and Recommendation**

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not

preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## 2. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## 3. First Amendment Right of Access

In *Press Enterprise Co. v. Superior Court of California for Riverside Cnty.*, 478 U.S. 1 (1986) (*Press-Enterprise II*), the Supreme Court established a balancing test for the First Amendment right of access which, as relevant here, the Ninth Circuit applied in the context of newly filed civil complaints. *Courthouse News Service v. Planet*, 947 F.3d 581 (9th Cir. 2020) (*Planet III*).[1] In *Planet III*, the Ninth Circuit held that the news media

---

[1] *Planet I* is *Courthouse News Service v. Planet*, 750 F.3d 776 (9th Cir. 2014), and *Planet II* is *Courthouse News Service v. Planet*, 614 F. App'x 912 (9th Cir. 2015).

PAGE 3 – ORDER

> has a qualified right of timely access to newly filed civil nonconfidential complaints that attaches when the complaint is filed. However, this right does not entitle the press to immediate access to those complaints. Some reasonable restrictions resembling time, place, and manner regulations that result in incidental delays in access are constitutionally permitted where they are content-neutral, narrowly tailored and necessary to preserve the court's important interest in the fair and orderly administration of justice.

947 F.3d at 585.

The Ninth Circuit then evaluated this qualified right under *Press-Enterprise II* and created a two-part test for determining under what circumstances, if any, delayed access to newly filed civil complaints is constitutionally permissible. Under this test, the government "must demonstrate first that there is a 'substantial probability' that its interest in the fair and orderly administration of justice would be impaired by immediate access, and second, that no reasonable alternatives exist to 'adequately protect' that government interest." *Id.* at 596 (quoting *Press-Enterprise II*, 478 U.S. at 14).

**B. Background**

Judge You discussed the factual background of this case in her earlier Findings and Recommendation denying *Defendant's* motion for summary judgment. ECF 27. The parties' dispute centers on the timeliness of media access to newly filed civil complaints in Oregon circuit courts. Under Defendant's current policy, new electronically filed (e-filed) nonconfidential civil complaints are withheld from the media until a human review process has been completed by court clerks. Plaintiff contends this policy infringes on the media's First Amendment right of access to those documents.

In its earlier Order Adopting Findings and Recommendation, the Court held that Plaintiff has a qualified right of access to newly filed nonconfidential civil complaints. ECF 35. Plaintiff's pending motion for summary judgment focuses on the next step in the analysis under *Planet III*.

Plaintiff argues that Judge You's F&R incorrectly shifted the burden of proof to Plaintiff and failed properly to test Defendant's human-review process under the two-part test stated in *Press-Enterprise II*.

## C. The Parties' Requests for Judicial Notice

The parties submitted separate requests for judicial notice of various documents. The requests for judicial notice bear on the evidence to be evaluated in the context of Plaintiff's motion for summary judgment and objection to Judge You's F&R. The Court first considers the parties' requests for judicial notice and then turns to the merits of Plaintiff's motion for summary judgment.

### 1. Defendant's Request for Judicial Notice

Defendant filed a request for judicial notice (ECF 61), seeking judicial notice of two exhibits: (a) a letter from Senator Ron Wyden to Chief Justice John Roberts dated August 4, 2022 (ECF 61-1); and (b) the 2009 Report of the Judicial Conference of the United States on the Adequacy of Privacy Rules Prescribed Under the E-Government Act of 2002 (ECF 61-2). Defendant submits these documents as substantive evidence and argues based on the truth of the facts recited in those documents.

Judge You recommends that Defendant's request for judicial notice should be granted to the extent it seeks to establish the existence of the proffered public records but denied to the extent that it seeks to establish the truth of the facts stated in those records. Neither party expressly objected to this portion of Judge You's F&R. Finding no clear error, the Court adopts Judge You's recommendation as to Defendant's request for judicial notice. The Court takes judicial notice of the existence of the proffered public records but declines to accept the specific facts stated in those records.

### 2. Plaintiff's Request for Judicial Notice

Plaintiff also submits a request for judicial notice (ECF 95), seeking judicial notice of two other documents: (a) a "Petition for Judicial Review Pursuant to ORS 183.484" (ECF 95-1); and (b) Oregon's civil stalking "packet" (ECF 95-2). Plaintiff offers these documents not to show the truth of any statements they contain but only for the fact that the documents exist. Plaintiff argues that their existence is relevant to resolving factual issues that Judge You found to be in dispute. Defendant opposes Plaintiff's request for judicial notice.

A court has discretion to accept new evidence or argument submitted with objections to the recommendation of a Magistrate Judge. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court *must* consider new arguments raised in objections to a magistrate judge's findings and recommendation); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence").

Defendant argues that district courts within the Ninth Circuit often exercise their discretion to allow *pro se* litigants to introduce new facts or make new arguments not raised before the magistrate, but those cases do not support an expansion of that practice for sophisticated litigants like Plaintiff represented by counsel. Defendant is correct that *pro se* litigants may be afforded greater leeway to present supplemental evidence in an objection to Findings and Recommendation. *See, e.g.*, *Jones*, 393 F.3d at 935 (stating that "given the

circumstances under which this evidence was offered—a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him—it would have been an abuse of discretion for the district court not to consider the evidence"); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (concluding that the district court abused its discretion by failing to consider *pro se* litigant's newly submitted evidence in part because "unlike the litigant in *Howell*, who was represented by counsel, Brown was a *pro se* petitioner at all relevant times and was making a relatively novel claim under a relatively new statute"). Although it might be an abuse of discretion under certain circumstances to exclude new evidence submitted with objections by a *pro se* party, the same analysis has not been applied in reviewing a district court's discretion with respect to represented parties. *See, e.g.*, *Howell*, 231 F.3d at 623 (concluding that the district court did not abuse its discretion by refusing to consider supplemental factual allegations when there was "no question" that the specific facts were available to the defense before the magistrate's proceedings began and the defense did not provide a satisfactory explanation for the failure to raise the facts before the magistrate); *see also Brown*, 279 F.3d at 745 (contrasting the *pro se* litigant in the case with the represented litigant in *Howell*).

As stated above, Plaintiff requests judicial notice of two newly submitted exhibits in support of Plaintiff's objection to Judge You's F&R. The exhibit titled "Petition for Judicial Review Pursuant to ORS 183.484" is offered to rebut Defendant's evidence that court staff rejected a juvenile case filing that should have been, but was not, filed confidentially. *See* Dupree Decl. ¶ 30 (ECF 59); Ex. 17 (ECF 59-17). Plaintiff submits for judicial notice the filing at issue, which shows that it was filed not as part of a juvenile case but as a non-confidential petition for judicial review of an administrative order related to a finding of child abuse. Thus, based on this

newly submitted evidence, Plaintiff contends, the Magistrate Judge erred by finding that the document contained the name of a minor child who experienced abuse.

The second document offered by Plaintiff is Oregon's civil stalking packet, which includes forms and instructions for applying for a stalking protective order. The instructions inform applicants that their contact information "will be public and the respondent will also see it." ECF 95-2. According to Plaintiff, this undermines Defendant's assertion that stalking petitions are confidential. Thus, Plaintiff continues, the Magistrate Judge erred to the extent that she found that court clerk review would help prevent inadvertent disclosure of the address of a victim of domestic violence.

Plaintiff, however, fails to explain why it did not offer these documents for Judge You's consideration. There is no reason to believe that the documents are new or were otherwise unavailable for submission to the Magistrate Judge. As noted, Plaintiff is a sophisticated litigant represented by able counsel, not a *pro se* party who deserves special respite from procedural requirements. Plaintiff provides no reasonable explanation for omitting to include these documents before the Magistrate Judge. The Court denies Plaintiff's request for judicial notice.

## D.  Plaintiff's Motion for Summary Judgment

Plaintiff argues that Defendant has not satisfied either part of the *Planet III* test for First Amendment access to newly filed civil complaints. Specifically, Plaintiff contends that Defendant fails to show either a substantial probability of impairment or that no reasonable alternatives exist.

### 1.  Substantial Probability of Impairment

Defendant argues that the government has a substantial interest in protecting litigant and third-party privacy interests, promoting administrative efficiency, ensuring compliance with court rules, and protecting the integrity of court records. Defendant contends that the

government's substantial interest would be impaired by the news media's pre-review access to newly filed nonconfidential civil complaints.

Defendant submits evidence of improperly designated complaints that would have resulted in disclosing confidential information had those documents not been subject to human review. *See, e.g.*, Dupree Decl. ¶¶ 30, 31. Defendant asserts that litigants "routinely" make filing mistakes and that courts cannot control the data entered by a filer "unless and until a clerk reviews it." Cozine Dep. Tr. at 43:10-13, 49:7-13 (Cozine Decl. Ex. 1, ECF 58-1); *see also* Cozine Decl. ¶ 11 (ECF 58). Defendant also offers evidence that there are "at least four ways in which filers fail to properly file confidential information." Cozine Decl. ¶ 14; *see also* Rambo Decl. ¶ 11 (ECF 62); Marcille Decl. ¶ 11 (ECF 63); Bonkosky Decl. ¶ 12 (ECF 64). Defendant points to instances in which, but for the clerk's intervention, confidential or otherwise improper information would have been available to the public via the pre-review systems suggested by Plaintiff. *See, e.g.*, Dupree Decl. ¶¶ 30, 31. Further, Defendant presents evidence of at least one filer misusing the e-filing system to threaten other persons. Cozine Decl. Ex. 2 (ECF 58-2).

Viewed in the light most favorable to the nonmoving party, Defendant's evidence shows a risk to privacy and confidentiality associated with documents that are erroneously e-filed and that human review catches and corrects at least some of these errors. Plaintiff disputes the frequency and severity of the errors. This dispute over the frequency and severity is a factual question that goes to the heart of the inquiry about whether there is a substantial probability of impairment of the government's interest in the orderly administration of justice. Defendant's evidence shows a genuine dispute of material fact on the first part of the *Planet III* test.

### 2. No Reasonable Alternatives

Plaintiff suggests a variety of alternative e-filing systems that Plaintiff contends represent reasonable alternatives to Defendant's human review policy. These suggested systems include:

PAGE 9 – ORDER

(1) auto-accept systems, in which the public may view non-confidential complaints contemporaneously with their e-filing, and (2) press review queue systems, where credentialed press users may view non-confidential e-filed complaints as soon as they are received by the court. Plaintiff asserts that these pre-review systems are available through e-filing vendors like Tyler Technologies (Tyler)[2] or PACER, through software developed in-house, or through vendor-provided application programming interfaces (APIs).

Defendant responds that implementing and maintaining the pre-review systems suggested by Plaintiff would entail an unreasonably burdensome cost and resource expenditure. Samuel Dupree, Assistant General Counsel for the Oregon Judicial Department, states in his declaration that Tyler will charge $108,000 per year with a yearly 5 percent price increase for its Press Queue service. Dupree Decl. ¶ 26; *see also* Ex. 17 (email from Tyler). Mr. Dupree also asserts that implementing and maintaining Tyler's Press Queue would require Oregon Judicial Department staff time for configurating, testing, updating, and changing the system initially and periodically as needed. *Id.* ¶ 26. Mr. Dupree states that because Tyler does not provide support services, the Oregon Judicial Department also would need to manage accounts and troubleshoot issues if Oregon implemented the Tyler Press Queue. *Id.* Mr. Dupree adds that the state courts in Oregon lack the IT capabilities associated with maintaining vendor-provided APIs and that it "would require even more staff time to develop and maintain the site." *Id.* ¶ 27. Defendant's evidence shows a genuine dispute of material fact on the second part of the *Planet III* test, relating to the reasonableness of available alternative systems.[3]

---

[2] Defendant currently uses Tyler File & Serve for e-filing.

[3] Defendant offers two additional arguments in support of the second part of the *Planet III* analysis. First, Defendant argues that the pre-review systems do not provide the state courts with the ability to protect the government's interest in the fair and orderly administration of justice. The record indicates that there is a genuine dispute of fact as to whether the

PAGE 10 – ORDER

Because the Court finds that Defendant has shown genuine issues of fact for both parts of the *Planet III* balancing test, summary judgment in Plaintiff's favor is not appropriate. Plaintiff's First Amendment claim will proceed to trial.

**E. Conclusion**

The Court ADOPTS IN PART Judge You's F&R (ECF 89). The Court agrees with the conclusion reached in the F&R but declines to adopt the entirety of its analysis. The Court GRANTS IN PART and DENIES IN PART Defendant's Request for Judicial Notice in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (ECF 61). The Court DENIES Plaintiff's Request for Judicial Notice in Support of Objections to Findings and Recommendations (ECF 95). The Court DENIES Plaintiff's Motion for Summary Judgment (ECF 38). At the appropriate time, the parties may contact the Courtroom Deputy for the undersigned District Judge to schedule a trial.

**IT IS SO ORDERED.**

DATED this 19th day of October, 2023.

/s/ *Michael H. Simon*<br>Michael H. Simon<br>United States District Judge

---

alternatives adequately protect the government's interest, particularly given the Court's previous conclusion regarding the risk to litigants' confidential information. The Court thus finds that this disputed issue is an alternative basis for the Court to decline to grant summary judgment in Plaintiff's favor. Second, Defendant argues that state courts require autonomy to operate and that principles of federalism render inappropriate an attempt by the Court to mandate that a state government adopt a specific e-filing system. The Conference of Chief Justices echo this concern in their *amicus* brief. In *Planet I*, the Ninth Circuit rejected this argument. *See* 750 F.3d at 793 (reversing and remanding to the district court "so that the First Amendment issues presented by this case may be adjudicated on the merits in federal court, where they belong.").