IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE**,<br><br>       Plaintiff,<br><br>    v.<br><br>**NANCY COZINE**, in her official capacity as Oregon State Court Administrator,<br><br>       Defendant. | Case No. 3:21-cv-680-SI<br><br>**ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS** |

Eric D. Lansvark, HILLIS CLARK, MARTIN & PETERSON PS, 999 Third Avenue, Suite 4600, Seattle, WA 98104; Katherine A. Keating and Jonathan G. Fetterly, BRYAN CAVE LEIGHTON PAISNER LLP, 3 Embarcadero Center, Seventh Floor, San Francisco, CA 94111. Of Attorneys for Plaintiff.

Carla A. Scott and Christina L. Beatty-Walters, Senior Assistant Attorneys General, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

The Court has scheduled a three-day bench trial to commence on September 10, 2024. Now pending before the Court are the parties' respective motions in limine and other procedural matters on which the parties seek guidance before trial. This Order addresses these issues.

PAGE 1 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

## BACKGROUND

In this action brought under 42 U.S.C. § 1983, Plaintiff Courthouse News Service seeks declaratory and injunctive relief against Defendant Nancy Cozine in her official capacity as Oregon State Court Administrator. Plaintiff alleges that Defendant, through her official policy of withholding newly filed civil complaints (including civil petitions) from immediate (*i.e.*, "on receipt") press and public viewing until after administrative processing, violates the First Amendment. Under Defendant's current policy, in place since July 14, 2022, all Oregon Circuit Court Clerks must "accept" or "reject" new e-filed civil complaints within four business hours for 90 percent of cases and within one business day (nine business hours) for 100 percent of cases. Defendant refers to this policy as the "Time-to-Review Standard." Plaintiff refers to Defendant's policy as a "No-Access-Before-Processing" policy. Under Defendant's Time-to-Review Standard, a civil complaint becomes available for public viewing immediately upon "acceptance." The Court previously denied both parties' motions for summary judgment.

The parties agree that in the context of this lawsuit, to prove a violation of § 1983 Plaintiff must prove: (1) that it was deprived of a constitutionally protected right (2) by a person acting under color of state law and (3) that the deprivation of that constitutional right was caused by an official policy, custom, or practice. The parties further agree that at all relevant times Defendant was acting under color of state law and that, if there was a violation of Plaintiff's First Amendment rights, it was caused by an official policy, custom, or practice. The parties' only disagreement is whether Plaintiff has been deprived of its rights under the First Amendment.

For there to be a violation of the First Amendment in the context of this case, the threshold element is "whether the qualified First Amendment right of access applies to the type of judicial record at issue here—newly filed nonconfidential civil complaints—and, if so, at what point in time that right attaches." *Courthouse News Serv. v. Planet* ("*Planet III*"), 947 F.3d 581,

590 (9th Cir. 2020). After the right is established, the burden shifts to Defendant. The Court has already held that Plaintiff has a First Amendment right to the civil complaints at issue in this case and that the right "attaches when they are submitted to the court." Order at 3 (ECF 35). Accordingly, both sides agree that the only issue remaining for trial is whether Defendant can meet her burden of showing both: (1) a "substantial probability" that immediate access to newly e-filed civil complaints (*i.e.*, before they are reviewed and accepted by court clerks, thereby becoming official court records) would impair the State's interests in the "fair and orderly administration of justice"; and (2) that "no reasonable alternatives exist to adequately protect that government interest." *Planet III*, 947 F.3d at 596. One of those two key points of disagreement among the parties is what is meant by the phrase "substantial probability" in this context. The second is what evidence would be sufficient to show such a substantial probability.

## MOTIONS IN LIMINE

### A. Standards

A motion in limine, broadly defined, means "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (stating that a motion in limine is a "procedural mechanism to limit in advance testimony or evidence in a particular area"). As with other motions made before trial, motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quotation marks omitted); *see also Luce*, 469 U.S. at 41 n.4 (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials"). Further, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Pomona*, 866 F.3d at 1070 (quotation marks omitted). "The district court may change its

ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling. *Id*.

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016) (quotation marks omitted). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (quotation marks omitted). Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling to exclude the evidence in advance of trial. *Id*. at 1168.

In their motions in limine, the parties primarily rely upon Rules 401 and 403 of the Federal Rules of Evidence. Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quotation marks omitted). As the Ninth Circuit has explained, however, "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994). Accordingly, the Court declines to exclude evidence from trial solely on the basis that a party objects that the evidence is irrelevant.

Under Rule 403, even if evidence is relevant, it should be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence is

unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's notes to 1972 proposed rule). In bench trials, however, objections under Rule 403 are "inapplicable." *See United States v. Preston*, 706 F.3d 1106, 1117 (9th Cir. 2013), *rev'd on other grounds*, 751 F.3d 1008 (9th Cir. 2014) (en banc); *see also United States v. De Anda*, 2019 WL 2863602, at *4 (N.D. Cal. July 2, 2019) ("[T]he Court finds [defendant's] Rule 403 argument inapplicable here because this action will be tried in a bench trial." (gathering cases)). Accordingly, the Court declines to exclude evidence from trial on the basis that a party objects that the evidence is inadmissible under Rule 403.

## B. Plaintiff's Motions in Limine (ECF 130)

**RULING: DENIED.**

Although styled as a single motion in limine, Plaintiff in fact presents three separate motions. The Court will address each separately.

First, Plaintiff seeks to exclude "previously undisclosed or unproduced data or records purporting to quantify the frequency or severity of filer errors." ECF 130 at 4. In response, Defendant argues that this aspect of Plaintiff's motion should be denied as premature. ECF 135 at 3. Defendant adds that "Plaintiff is unable to describe the evidence it moves to exclude." *Id*. The Court agrees with Defendant and, accordingly, denies this aspect of Plaintiff's motion in limine.

Second, Plaintiff seeks to exclude "testimony from three trial court administrators to establish the proposition that filers 'regularly make mistakes and fail to designate confidential information as required by law.'" ECF 130 at 4. Plaintiff argues that "[v]ague words such as 'regularly' do not provide any meaningful information about the frequency or severity of filer

PAGE 5 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

errors" and that Defendant has failed to respond to Plaintiff's "requests seeking this information." *Id*. Plaintiff relies primarily on Rule 403 and 404 of the Federal Rules of Evidence. *Id*. at 11. In response, Defendant notes that this aspect of Plaintiff's motion relies upon Rules 403 and 404 but argues that "[v]agueness is not a basis for exclusion under Rule 403" and that Rule 404 "relates to character evidence." ECF 135 at 4. Defendant adds that "no Trial Court Administrator will offer character evidence." *Id*. The Court agrees with Defendant. In addition, the Court notes that, as discussed above, Rule 403 is inapplicable in a bench trial. *See De Anda*, 2019 WL 2863602, at *4 (gathering cases). The Court denies this aspect of Plaintiff's motion in limine.

Third, Plaintiff argues that "Defendant's proffered witness testimony from trial court administrators is inadmissible hearsay because they lack personal knowledge of what frontline clerks saw or did with respect to any particular complaint when reviewing and either 'accepting' or 'rejecting' it." ECF 130 at 4. In response, Defendant argues that the "witnesses will lay an appropriate foundation for [their] testimony" and that the Trial Court Administrators are "the chief administrative officers of their courts and can certainly testify about the work they do, the decisions they make, and the bases for those decisions." ECF 135 at 5. Defendant adds:

> To be clear, the precise frequency with which these errors are corrected is not the point. As Defendant has explained many times, OJD does not keep such records. In any event, no specific correction frequency must be proven under the applicable substantive standard. That it happens at all, *and that a business process was adopted to resolve it, is sufficient.*

*Id*. (emphasis added). In reply, Plaintiff focuses on its hearsay argument, but a decisionmaker may offer out-of-court statements for the limited purpose of showing the bases for the administrator's decisions. If those statements are not offered for the truth of the matters asserted, they are not hearsay. *See* Fed. R. Evid. 801(c)(2). Of course, the burden would then be on the proponent of that evidence (here, Defendant) to show why the bases for a trial court

PAGE 6 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

administrator's decision is relevant apart from the truth of the out-of-court statements made to that person. The Court denies this aspect of Plaintiff's motion in limine but will await the parties' additional arguments at trial on this relevancy question.

## C. Defendant's Motions in Limine (ECF 134)

**RULING: DENIED**

Defendant presents four separate motions in limine. The Court will address each separately.

### 1. MIL No. 1

Defendant argues that Plaintiff's "[t]estimony and exhibits regarding the practices and procedures in other states" should be excluded under Rule 401 "because [the evidence] is not relevant" or under Rule 403 "on the ground the evidence would confuse the issues, waste time, and unfairly prejudice Defendant." ECF 134 at 3. Defendant adds that "[t]he evidence would also be hearsay" and thus should be excluded Rule 802. *Id*. In response, Plaintiff argues that "[e]vidence that a particular court implemented a particular access mechanism" is relevant "to show not only that the mechanism is an available alternative but also that the court determined the mechanism (1) was reasonable to implement; and (2) would adequately protect the court's overriding interests." ECF 143 at 3-4. The Court agrees that this evidence is relevant. The parties, however, may argue later about the weight that the Court should give this evidence. Also, Rule 403 does not apply in bench trials. *See De Anda*, 2019 WL 2863602, at *4 (gathering cases). Regarding Defendant's hearsay objection, Plaintiff responds that "Defendant has identified no out-of-court statement offered for the truth of the matter asserted or provided any other basis for a hearsay objection." ECF 143 at 10. The Court agrees with Plaintiff and, accordingly, denies Defendant's first motion in limine.

PAGE 7 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

2. MIL No. 2

Defendant argues that the testimony from Todd Sprague and other State witnesses about what representatives of court systems in other states purportedly told them in telephone conversations should be excluded as hearsay under Rule 802 as well as on relevance grounds under Rule 401. ECF 134 at 3. In response, Plaintiff argues that this evidence is relevant and is not hearsay. ECF 143 at 10. Plaintiff asserts that this evidence is "highly relevant to the existence of alternatives." *Id*. at 11. According to Plaintiff: "If initial reports from preprocessing courts did not corroborate OJD's misgivings about preprocessing access, and OJD then avoided learning about other pre-processing courts' experiences, the fact that OJD heard those initial reports would be relevant regardless of whether the contents of the reports were true or not." *Id*. The Court agrees with Plaintiff and, accordingly, denies Defendant's second motion in limine.

3. MIL No. 3

Defendant argues that evidence about what other jurisdictions' court systems may or may not have spent to build a home-grown system that allows the press to review new civil complaints should be excluded on several alternative grounds. ECF 134 at 3. Defendant invokes Rule 602 (which requires personal knowledge by a witness), Rule 802 (which prohibits inadmissible hearsay), Rule 401 (which prohibits irrelevant evidence), Rule 403 (which prohibits relevant evidence under certain conditions but is inapplicable to bench trials), and Rule 408(a) (which prohibits compromise offers and negotiations when offered to prove certain issues). ECF 134 at 3. Defendant also argues that this evidence should be excluded for "noncompliance with this Court's trial management order." *Id*. Plaintiff responds that its witnesses will have personal knowledge of the facts about which they will testify and that such testimony will be corroborated by other evidence. ECF 143 at 12. Plaintiff also states that the "challenged testimony referencing settlements with other courts is not offered to prove the validity of

PAGE 8 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

Plaintiff's claim against Defendant but rather to place the current landscape of civil complaint access and Courthouse News' litigation history in a broad and accurate context." *Id*. at 14. Plaintiff adds that this evidence is offered to "illustrate additional examples of alternatives" available to Defendant. *Id*. at 15. The Court generally agrees with Plaintiff, although Defendant may raise objections under Rules 602 and 802 at trial.

The Court also notes that under Rule 408 evidence of furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—consideration in compromising or attempting to compromise a claim and statements made during compromise negotiations about the claim are generally prohibited to prove or disprove the validity or amount of the "disputed claim." Fed. R. Evid. 408(a). The meaning of the phrase "disputed claim" was thoroughly discussed in a case decided by the Eastern District of New York, *Westside Winery, Inc. v. SMT Acquisitions, LLC*, 511 F. Supp. 3d 256 (E.D.N.Y. 2021). In that case, Senior District Judge Denis R. Hurley explained:

> The term "disputed claim" refers to the claim subject to the settlement negotiations offered for admission. "[I]t is well established that 'Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim *that was the subject of the compromise, not some other claim.*'" *Williams v. Regus Mgmt. Grp., LLC*, 2012 WL 1890384, at *3 (S.D.N.Y. May 15, 2012) (quoting *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284, 1293-94 (6th Cir. 1997)) (emphasis added).
>
> Accordingly, Rule 408 expressly permits admitting settlement negotiations "offered for another purpose." Offering settlement negotiations "for another purpose" includes offering them in a claim different from the one subject to the negotiations. *See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc*., 865 F.2d 506, 510 (2d. Cir. 1989) ("Evidence of an offer to compromise, though otherwise barred by Rule 408, can fall outside the Rule if it is offered . . . for a purpose other than to prove or disprove the validity of *the claims that the offers were meant to settle*" (emphasis added)). . . .

> In case there was any doubt, the House Judiciary Committee notes to the 2006 amendment to Rule 408 cited favorably *Cates v. Morgan Portable Building Corp.*, 780 F.2d 683 (7th Cir. 1985). *See* Fed. R. Evid. 408 committee notes to 2006 amendment. The *Cates* Court held that Rule 408
>
>> provides that statements made in settlement negotiations are not admissible to establish a party's liability, or damages, *in the dispute that was the subject of the negotiation*. Nothing [defendant] said or agreed to in the negotiations that culminated in the execution of the [settlement] stipulation in September 1973 could have been used to establish its liability for the breach of contract that occurred in September 1970 or to fix its damages for that breach.... Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement.
>
> *Cates*, 780 F.2d at 691 (emphasis added). *Cates's* holding accords with Rule 408's cardinal policy consideration favoring the compromise and settlement of disputes.
>
> The policy behind Rule 408 is best understood to reflect the wisdom that settlement negotiations proceed from a desire to end a case, not from a concession that the case is lost—*hence the prohibition against their admission in the case the negotiations were meant to settle*.

*Id.*, 511 F. Supp. 3d at 265-66 (emphasis added). The Court finds persuasive the reasoning expressed in *Westside Winery*. Thus, Rule 408 does not bar the evidence being offered here. The Court denies Defendant's third motion in limine.

### 4. MIL No. 4

Defendant argues that evidence of settlements or consent decrees with other states, jurisdictions, or court systems or officials should be excluded under Rule 408(a)(1). ECF 134 at 3. Defendant adds that any such statements made in the context of settlement negotiations in other jurisdictions should be excluded under Rule 408(a)(2). *Id*. For the same reasons that the

Court denies Defendant's third motion in limine as brought under Rule 408, the Court denies Defendant's fourth motion in limine.

## TRIAL EXHIBITS

### A. Joint Trial Exhibits

The parties have marked Joint Exhibits 1-40, and no party objects to their receipt in evidence. ECF 115. The Court receives in evidence Exhibits 1-40.

### B. Plaintiff's Trial Exhibits

Plaintiff's Exhibit List identifies 107 exhibits, marked as Exhibits. 101-207. ECF 122. Defendant objects to Plaintiff's Exhibits 121-175, 191-196, and 207, all on relevancy grounds. ECF 136. Defendant also objects to Plaintiff's Exhibit 191 on hearsay grounds. *Id*. Defendant does not object to Plaintiff's Exhibits 101-120, 176-190, and 197-206. For the reasons discussed above in the context of the Court's rulings on the parties' motions in limine, the Court overrules all pretrial objections based on relevancy. The Court will reserve for trial ruling on Plaintiff's Exhibit 191. The Court receives in evidence Exhibits 101-190 and 192-207.

### C. Defendant's Trial Exhibits

Defendant's Exhibit List identifies 16 exhibits, marked as Exhibits 208-223. ECF 133. Plaintiff does not object. The Court receives in evidence Exhibits 208-223.

## STIPULATED FACTS

The parties have stipulated to eighty paragraphs of Stipulated Facts. ECF 114. The Court accepts these Stipulation Facts as proven.

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff has requested judicial notice of seven separately numbered documents, which Plaintiff also submitted as Plaintiff's Exhibits 201-207. ECF 127. As noted above, Defendant objected to Plaintiff's Exhibit 207 on relevancy grounds, and the Court overruled that objection.

PAGE 11 – ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MATTERS

Defendant offers no further objections. Accordingly, the Court grants Plaintiff's Request for Judicial Notice (ECF 127).

## 2023 AMENDMENT TO OR. REV. STAT. § 7.095(1)

The parties have informed the Court that in 2023, the Oregon Legislative Assembly amended Or. Rev. Stat. § 7.095(1). ECF 150. Plaintiff contends that this amendment is "not relevant to the Court's analysis of the issues in this action." *Id*. at 5-6. In response, Defendant represents that "Defendant has not relied and will not rely on that amendment for any part of its case." *Id*. at 6. It appears to the Court that the parties' respective statements are sufficient and that no further action by the Court is needed.

## WRITTEN DIRECT TESTIMONY

Plaintiff has filed the Declaration of Adam Angione Regarding Defendant's Complaint Data Analysis (ECF 119), and Defendant has filed the Declaration of L. Samuel Dupree (ECF 138). Both sides agrees that these declarations may be received by the Court as each witness's written direct trial testimony. ECF 151 at 2. The Court accepts this stipulation. As noted above, all relevancy objections are overruled, but each side may argue at the appropriate time regarding the weight that the Court should give any evidence.

## TYLER TECHNOLOGIES, INC.

The parties have submitted as joint substantive evidence certain designated testimony from the deposition of Terry Derrick as the Rule 30(b)(6) designee of Tyler Technologies, Inc. ECF 120-1. Neither party objects (ECF 151 at 2), and the Court receives this testimony in evidence.

## LAY WITNESS STATEMENTS AND RELATED OBJECTIONS

### A. Plaintiff's Witnesses

Plaintiff has identified the following six witnesses whom Plaintiff seeks to question at trial:

1. William Girdner (*see* written direct, ECF 116)
2.. Adam Angione (*see* written direct, ECF 118, 119)
3. Karina Brown (*see* written direct, ECF 117)
4. Todd Sprague (adverse witness)
5. Nancy Cozine (adverse witness)
6. L. Samuel Dupree (adverse witness)

ECF 123. Defendant has filed numerous objections. ECF 137. As noted above, all relevancy objections are overruled, but each side may argue at the appropriate time regarding the weight that the Court should give any evidence. Any other objections may be made at trial.

### B. Defendant's Witnesses

Defendant has identified the following four witnesses whom Defendant seeks to question at trial:

1. Nancy Cozine
2. L. Samuel Dupree
3. Elizabeth Rambo
4. Barbara Marcille

ECF 141. Plaintiff has filed numerous objections. ECF 146. It does not appear that any of Plaintiff's objections are based on relevancy, but to the extent that any are, they are overruled. Any other objections may be made at trial.

**ORDER OF PRESENTATION**

The final unresolved pretrial dispute among the parties concerns the order of witness presentation at trial. *See* ECF 150 at 3-4. Plaintiff argues that because it brought this action and bears the ultimate burden of establishing its entitlement to relief, Plaintiff should be allowed "to present its claim before Defendant presents her defense." *Id*. at 3. In response, Defendant argues that because Defendant "has conceded that Plaintiff has met its burden, the burden of proof now rests with Defendant to prevail at trial." Id. at 4. Thus, Defendant requests the opportunity to put on Defendant's live witnesses first. *Id*.

The Court largely agrees with Plaintiff but will adopt a middle ground. Plaintiff may call its witnesses first and question them. Plaintiff also may treat Ms. Cozine and Messrs. Dupree and Sprague as adverse witnesses. After Plaintiff has completed its initial examination of Ms. Cozine, Defendant may examine Ms. Cozine and will not be limited to the scope of the direct examination.

If, however, Defendant inquires of Ms. Cozine beyond the scope of direct examination, then, upon timely objection by Plaintiff, Defendant's counsel will be limited to nonleading questions for that subject matter. The examinations of Messrs. Dupree and Sprague will be treated in a similar fashion. After Plaintiff has rested its case, Defendant may call Ms. Rambo and Ms. Marcille and may recall Ms. Cozine, Mr. Dupree, and Mr. Sprague for any matters not previously addressed during Plaintiff's case.

In addition, because Defendant bears the burden on the only remaining issues for trial, Defendant may present the first closing argument, followed by Plaintiff's response, followed by Defendant's rebuttal. Alternatively, Plaintiff may present the first closing argument, followed by Defendant, followed by Plaintiff's rebuttal, followed by Defendant's sur-rebuttal. Finally, if the

parties request, they may submit written closing arguments in lieu of oral closing arguments or in addition to oral closing arguments, not later than two weeks after the completion of all evidence.

**IT IS SO ORDERED.**

DATED this 3rd day of September, 2024.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge